**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ANASTASIA ROSS ) | CASE NO. | |
| 1754 East Cooke Road ) | | |
| Columbus, Ohio 43224, ) | JUDGE: | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **COMPLAINT FOR DAMAGES** | |
| ) | **AND INJUNCTIVE RELIEF** | |
| DISCOVER PRODUCTS INC. ) | | |
| 6500 New Albany Road East ) | **JURY DEMAND ENDORSED** | |
| New Albany, Ohio 43054 ) | **HEREIN** | |
| ) | | |
| **Serve Also:** ) | | |
| Discover Products Inc. ) | | |
| c/o CT Corporation System ) | | |
| 4400 Easton Commons Way ) | | |
| Suite 125 ) | | |
| Columbus, Ohio 43219 ) | | |
| ) | | |
| Defendant. ) | | |

Plaintiff, Anastasia Ross, by and through undersigned counsel, as her Complaint against Defendant Discover Products Inc. ("Discover"), states and avers the following:

**PARTIES, VENUE, & JURISDICTION**

1. Ross is a resident of the city of Columbus, Franklin County, Ohio.

2. At all times herein, Ross was acting in the course and scope of her employment.

3. Discover is a foreign corporation that does business at 6500 New Albany Road East, New Albany, Franklin County, Ohio 43054.

4. Discover is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Ross is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601 *et seq.*

6. All material events alleged in this Complaint occurred in Franklin County, Ohio.

7. This Court has supplemental jurisdiction over Ross's state law claims pursuant to 28 U.S.C. § 1367 as Ross's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Ross filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02313 against Discover ("Ross EEOC Charge").

10. On or about February 18, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Ross regarding the Charges of Discrimination brought by Ross against Discover in the Ross EEOC Charge.

11. Ross received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

12. Ross has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Ross has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

14. On or about April 13, 2015, Ross began working for Discover.

15. Discover was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during

each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

16. At all times relevant herein, Ross was employed by Discover for at least 12 months and had at least 1,250 hours of service with Discover and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

17. Discover employed Ross as a team coach.

18. Ross has bipolar disorder and generalized anxiety disorder ("Ross's Conditions").

19. Ross's Conditions are a physical and/or mental impairment.

20. Because of Ross's Conditions, Ross is significantly limited in one or more major life activities, including working.

21. Ross has a record of physical and/or mental impairment.

22. Because of Ross's Conditions, Discover perceived Ross as disabled.

23. Ross is disabled within the meaning of ADA.

24. In or about 2017, Ross met with her department manager, Nicole Diaz ("Meeting with Diaz").

25. In the Meeting with Diaz, Ross told Diaz about Ross's Conditions.

26. In the Meeting with Diaz, Diaz told Ross, "Mental illnesses are made up."

27. In the Meeting with Diaz, Diaz told Ross to stop taking medications for Ross's Conditions.

28. After the Meeting with Diaz, Discover was aware of Ross's Conditions.

29. In or about June 2017, Ross requested to be transferred to a different department ("Request for Transfer").

30. Ross made the Request for Transfer because she opposed the comments Diaz made during the Meeting with Diaz.

31. Ross made the Request for Transfer because she opposed disability discrimination.

32. Discover granted the Request for Transfer.

33. In or about 2018, Ross's Conditions grew worse.

34. In or about September 2018, Ross submitted to Discover a written request for accommodation ("First Request for Accommodation").

35. In the First Request for Accommodation, Ross notified Discover about Ross's Conditions.

36. In the First Request for Accommodation, Ross requested to work remotely.

37. Ross made the First Request for Accommodation because of Ross's Conditions.

38. Discover knew that Ross made the First Request for Accommodation because of Ross's Conditions.

39. Discover granted the First Request for Accommodation.

40. After the First Request for Accommodation, Ross worked from home six days a week and worked at the New Albany Location on Saturdays.

41. In or about September 2019, Ross submitted to Discover a form to renew her First Request for Accommodation ("Second Request for Accommodation").

42. On or about October 2, 2019, Ross submitted a written request to go on leave ("Request for Leave").

43. Ross made the Request for Leave because of Ross's Conditions.

44. On or about October 2, 2019, Ross qualified for FMLA leave.

45. On or about October 2, 2019, Ross went on leave.

46. On or about January 3, 2020, Ross returned from leave.

47. On or about January 3, 2020, Discover changed Ross's disability accommodation to require her to work at the New Albany Location five days a week.

48. Discover's changing of Ross's disability accommodation was an adverse action.

49. Discover's changing of Ross's disability accommodation was an adverse employment action.

50. Discover changed Ross's disability accommodation in retaliation for her use of FMLA leave.

51. When Ross returned to work on January 3, 2020, she was unable to log into Discover's system.

52. On or about January 3, 2020, Ross called Discover's information technology ("IT") department to troubleshoot her computer.

53. Between January 3, 2020, and January 16, 2020, Ross made daily calls to Discover's IT department to troubleshoot her computer.

54. Discover did not pay Ross during the period from January 3, 2020, to January 16, 2020.

55. Discover's failure to pay Ross was an adverse action.

56. Discover's failure to pay Ross was an adverse employment action.

57. On or about January 16, 2020, Ross spoke on a conference call with Team Lead Arthur Smith, Team Lead Timothy Coleman, HR Representative Leslie Zabonik, and Diaz to inform them that she was not getting paid.

58. On or about January 29, 2020, Ross spoke on a conference call with Team Leader Timothy Coleman, Team Leader Brittnee Newlen (formerly known as Brittnee Ferrando), and Smith ("January 29 Call").

59. In the January 29 Call, Coleman informed Ross that Discover changed Ross's disability accommodation to require her to work at the New Albany Location five days a week.

60. In the January 29 Call, Ross opposed Discover's failure to accommodate Ross's Conditions.

61. On or about January 31, 2020, Ross spoke with Stan Robbins ("January 31 Call").

62. Robbins was Senior Manager of Employee Relations for Discover.

63. In the January 31 Call, Ross reported that Discover was not paying her for hours worked.

5

64. In the January 31 Call, Robbins told Ross that Discover would not pay Ross for hours worked past January 24, 2020.

65. In the January 31 Call, Discover terminated Ross's employment.

66. In the alternative, Discover constructively discharged Ross.

67. In the January 31 Call, a reasonable person in Ross's position would have believed her termination was imminent.

68. In the January 31 Call, a reasonable person in Ross's position would have felt compelled to resign.

69. A reasonable person would feel compelled to resign from a job for an employer who refuses to pay her.

70. On or about February 5, 2020, Discover sent Ross a letter terminating her employment.

71. Discover knowingly took an adverse employment action against Ross.

72. Discover knowingly took an adverse action against Ross.

73. Discover intentionally took an adverse employment action against Ross.

74. Discover intentionally took an adverse action against Ross.

75. Discover knew that discharging Ross would cause Ross harm, including economic harm.

76. Discover willfully took an adverse employment action against Ross.

77. Discover willfully took an adverse action against Ross.

78. Discover terminated Ross's employment because of her disability.

79. Discover terminated Ross's employment because of her perceived disability.

80. Discover terminated Ross's employment because she opposed discrimination.

81. Discover terminated Ross's employment because of her use of FMLA leave.

82. On or about January 31, 2020, Discover constructively discharged Ross because of her disability.

83. On or about January 31, 2020, Discover constructively discharged Ross because of her perceived disability.

84. On or about January 31, 2020, Discover constructively discharged Ross because she opposed discrimination.

85. On or about January 31, 2020, Discover constructively discharged Ross because of her use of FMLA leave.

86. As a direct and proximate result of Discover's conduct, Ross suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

87. Ross restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. Discover treated Ross differently than other similarly-situated employees based on her disabling condition.

89. Discover treated Ross differently than other similarly-situated employees based on her perceived disabling condition.

90. On or about January 27, 2020, Discover terminated Ross's employment without just cause.

91. Discover terminated Ross's employment based on her disability.

92. Discover terminated Ross's employment based on her perceived disability.

93. Discover violated ADA when it discharged Ross based on her disability.

94. Discover violated ADA when it discharged Ross based on her perceived disability.

95. Discover violated ADA by discriminating against Ross based on her disabling condition.

96. Discover violated ADA by discriminating against Ross based on her perceived disabling condition.

97. Ross informed Discover of her disabling condition.

98. Ross requested accommodations from Discover to assist with her disabilities, including working from home.

99. Ross's requested accommodations were reasonable.

100. There was an accommodation available that would have been effective and would have not posed an undue hardship to Discover.

101. Discover failed to engage in the interactive process of determining whether Ross needed an accommodation.

102. Discover failed to provide an accommodation.

103. Discover violated ADA by failing to provide Ross a reasonable accommodation.

104. As a direct and proximate result of Discover's conduct, Ross suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

105. Ross restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

106. Discover treated Ross differently than other similarly-situated employees based on her disabling condition.

107. Discover treated Ross differently than other similarly-situated employees based on her perceived disabling condition.

108. On or about January 27, 2020, Discover terminated Ross's employment without just cause.

109. Discover terminated Ross's employment based on her disability.

110. Discover terminated Ross's employment based on her perceived disability.

111. Discover violated R.C. § 4112.02 when it discharged Ross based on her disability.

112. Discover violated R.C. § 4112.02 when it discharged Ross based on her perceived disability.

113. Discover violated R.C. § 4112.02 by discriminating against Ross based on her disabling condition.

114. Discover violated R.C. § 4112.02 by discriminating against Ross based on her perceived disabling condition.

115. Ross informed Discover of her disabling condition.

116. Ross requested accommodations from Discover to assist with her disabilities, including working from home.

117. Ross's requested accommodations were reasonable.

118. There was an accommodation available that would have been effective and would have not posed an undue hardship to Discover.

119. Discover failed to engage in the interactive process of determining whether Ross needed an accommodation.

120. Discover failed to provide an accommodation.

121. Discover violated R.C. § 4112.02 by failing to provide Ross a reasonable accommodation.

122. As a direct and proximate result of Discover's conduct, Ross suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT III: RETALIATION IN VIOLATION OF ADA**

123. Ross restates each and every prior paragraph of this complaint, as if it were fully restated herein.

124. As a result of Discover's discriminatory conduct described above, Ross complained about the failure to accommodate her disability.

9

125. Subsequent to Ross's complaining about the failure to accommodate her disability, Discover stopped paying Ross.

126. Discover's actions were retaliatory in nature based on Ross's opposition to the unlawful discriminatory conduct.

127. Pursuant to ADA, it is an unlawful discriminatory practice to retaliate against an employee for opposing an unlawful discriminatory practice.

128. As a direct and proximate result of Discover's conduct, Ross suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT IV:  RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

129. Ross restates each and every prior paragraph of this complaint, as if it were fully restated herein.

130. As a result of Discover's discriminatory conduct described above, Ross complained about the failure to accommodate her disability.

131. Subsequent to Ross's complaining about the failure to accommodate her disability, Discover stopped paying Ross.

132. Discover's actions were retaliatory in nature based on Ross's opposition to the unlawful discriminatory conduct.

133. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

134. As a direct and proximate result of Discover's conduct, Ross suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT V: RETALIATION IN VIOLATION OF FMLA

135. Ross restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

136. During her employment, Ross utilized FMLA leave.

137. After Ross utilized her qualified FMLA leave, Discover retaliated against her.

138. Discover retaliated against Ross by changing her disability accommodation.

139. Discover retaliated against Ross by constructively discharging her.

140. Discover willfully retaliated against Ross in violation of 29 U.S.C. § 2615(a).

141. As a direct and proximate result of Discover's wrongful conduct, Ross is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Ross respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Discover to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Discover to restore Ross to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Ross for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Ross claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

                                                                       Respectfully submitted,

                                                                     */s/ Trisha Breedlove*_____
                                                                       Trisha Breedlove (0095852)
                                                                       Paul Filippelli (0097085)
                                                                       **THE SPITZ LAW FIRM, LLC**
                                                                       1103 Schrock Road, Suite 307
                                                                       Columbus, Ohio 43229
                                                                       Phone: (216) 291-4744
                                                                       Fax:    (216) 291-5744
                                                                       Email: trisha.breedlove@spitzlawfirm.com
                                                                       Email: paul.filippelli@spitzlawfirm.com
                                                                       *Attorneys for Plaintiff Anastasia Ross*

## JURY DEMAND

Plaintiff Ross demands a trial by jury by the maximum number of jurors permitted.

> */s/ Trisha Breedlove*
> Trisha Breedlove (0095852)
> Paul Filippelli (0097085)